# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF SOUTH DAKOTA
#### ROOM 211
#### FEDERAL BUILDING AND U.S. POST OFFICE
#### 225 SOUTH PIERRE STREET
#### PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT

BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

April 28, 2005

John S. Lovald, Esq.
Counsel for Plaintiff-Trustee
Post Office Box 66
Pierre, South Dakota  57501

A. Thomas Pokela, Esq.
Counsel for Defendant-Debtor Dale A. Tjeerdsma
Post Office Box 1102
Sioux Falls, South Dakota  57101

Jerry L. Pollard, Esq.
Counsel for Defendant Charlene D. Tjeerdsma
Post Office Box 837
Yankton, South Dakota  57078

Wanda Howey Fox, Esq.
Counsel for Defendant Harmelink & Fox Law Office
Post Office Box 18
Yankton, South Dakota  57078

      Subject:  *Trustee John S. Lovald v. Dale A. Tjeerdsma, et al.*
               *(In re Dale A. Tjeerdsma)*, Adv. No. 04-4074;
               Chapter 7, Bankr. No. 03-41073

Dear Counsel:

    The matter before the Court is the Motion for Summary Judgment filed by Defendant Harmelink & Fox Law Office and the responses thereto filed by Plaintiff-Trustee John S. Lovald, Defendant-Debtor Dale A. Tjeerdsma, and Defendant Charlene D. Tjeerdsma. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Defendant Harmelink & Fox Law Office's Motion for Summary Judgment will be denied.

    *Summary.* Dale A. Tjeerdsma and his wife Charlene owned the subject real property in Bon Homme County, South Dakota. The couple divorced in 2001. By a subsequent order dated March 5, 2002, the divorce court awarded Dale Tjeerdsma the Bon Homme County realty and imposed on him certain financial obligations for

Re: Tjeerdsma
April 28, 2005
Page 2


Charlene's benefit.   The title to the realty remained in both
parties' names.   The divorce decree was docketed in the Bon Homme
County Clerk's judgment book on May 1, 2001; the March 5, 2002,
property division order was not.   Some judgments against the Bon
Homme County property were also recorded.[1]

Dale Tjeerdsma("Debtor") filed a Chapter 7 petition in
bankruptcy on September 2, 2003.   In his schedules, Debtor listed
the real property, valued it at $48,000.00, and claimed a
$30,000.00 homestead exemption. He further stated that he owed his
former wife $54,000.00 under a "Property Settlement."   In his
Statement of Financial Affairs, Debtor also acknowledged that his
former wife had a civil contempt action pending against him in
state court.

On October 21, 2003, Charlene Tjeerdsma commenced a
nondischargeability action against Debtor.   She sought a
determination that the balance due her under the divorce was
nondischargeable under 11 U.S.C. § 523(a)(15). A default judgment
was entered.   It provided that she held a nondischargeable claim
against Debtor for $47,097.94 and any joint indebtedness owed to
the I.R.S. and Yankton Medical Clinic.

In the main case, the case trustee, John S. Lovald, objected
to Debtor's claim of a homestead exemption. He said the home had
been sold and Debtor was trying to use the $30,000.00 homestead
exemption as a shield to avoid using the sale proceeds to pay

---

[1] According to a motion to discharge judgments that was filed
by Debtor Dale Tjeerdsma in his main case, Bankr. No. 03-41073, the
Harmelink & Fox Law Office obtained a judgment against him for
$6,544.92 that was transcribed in Bon Homme County on March 20,
2002, and Credit Collections Services obtained a judgment against
Debtor for $471.00 that was transcribed to Bon Homme County on
July 30, 2003.   The motion to discharge judgments also addressed a
judgment held by Credit Collections Bureau against Debtor for
$443.75 that was filed in Pennington County, South Dakota on
May 21, 2003.   According to Trustee Lovald's February 17, 2005,
summary judgment response in the adversary proceeding, Credit
Collections Bureau had a judgment transcribed to Bon Homme County
on May 21, 2002 -- which was not reflected in Debtor's motion to
discharge judgments -- and Credit Collection Services released its
judgment on August 22, 2003.

Re: Tjeerdsma
April 28, 2005
Page 3


Charlene Tjeerdsma's divorce-related claim.  Debtor did not respond
to the objection.  An order sustaining the objection was entered
December 18, 2003.  It provided that, "Debtor's homestead claim
should be denied, as to the claim of his ex wife, which Debtor has
listed as an unsecured claim."

Debtor's discharge was entered December 2, 2003.  Thereafter,
Debtor obtained an order acknowledging that his personal liability
on the three judgments held by the Harmelink & Fox Law Office (Bon
Homme County), Credit Collections Bureau (Pennington County), and
Credit Collection Services (Bon Homme County) had been discharged.

On October 21, 2004, Trustee Lovald commenced an adversary
proceeding against Debtor, Charlene Tjeerdsma, and the three
judgment holders.  In his complaint, Trustee Lovald advised the
Court that a sale of the Bon Homme County realty had been pending
on the petition date and that the land was still titled in both
Debtor's and Charlene Tjeerdsma's names.  He said the sale closed
on October 12, 2004, and the net proceeds were $44,242.82.[2]  He
said that by agreement of the judgment lien holders and himself,
the proceeds were placed in a law firm's trust account, and
$30,000.00, which represented Debtor's homestead exemption, was
used to pay a large portion of Charlene Tjeerdsma's claim.  He
asked the Court to determine who among the defendants had a
priority claim to the proceeds.  According to Trustee Lovald,
Defendant-Debtor claimed the March 15, 2004, order discharging
judgment discharged both the *in personam* and *in rem* liability;
Defendant Harmelink & Fox Law Office said its claim was superior
because it had executed on its judgment pre-petition; and Defendant
Credit Collections said its judgment lien was superior because it
was against both Debtor and Charlene Tjeerdsma.

In her answer, Defendant Charlene Tjeerdsma argued her claim
was superior because now she holds a nondischargeable claim and the

---

[2]  An order approving the sale of the bankruptcy estate's
interest in this realty has never been entered, nor has an order
approving the payment of sale expenses.  Trustee Lovald's request
that the sale expenses be approved through this adversary
proceeding cannot be granted.  A retroactive sale motion, which may
include payment of the related expenses, needs to be served and
noticed in the main case since title problems may later arise if an
appropriate sale order is not entered.

Re: Tjeerdsma
April 28, 2005
Page 4

other defendants' judgments have been discharged. In its answer,
Defendant Harmelink & Fox Law Office said on August 8, 2003, it had
served a garnishment summons, affidavit of garnishment, notice to
garnishee, and a garnishment disclosure on Debtor's divorce
attorney before the real estate sale closed, and that this caused
its lien to attach before any of the other judgment liens. Debtor
answered that all the proceeds were either his homestead exemption
or his wife's separate property. Neither Defendant Credit
Collection Services, Inc., nor Defendant Credit Collections Bureau
timely answered.

Defendant Harmelink & Fox Law Office moved for summary
judgment. Relying on some admissions that had been addressed only
to Defendant-Debtor, the Law Office argued that those admissions
established that its judgment lien attached to $9,600.00 in real
estate sale proceeds held in a lawyer's trust account on August 11,
2002, apparently relying on some sort of pre-petition execution.
Since Trustee Lovald said the subject realty sale was not closed
until October 12, 2004, that argument was a bit difficult to
follow.

In his response to the summary judgment motion, Trustee Lovald
advised the Court that only Defendant Harmelink & Fox Law Office
and Defendant Credit Collections Bureau had pre-petition judgment
liens against the property. He said Defendant Charlene Tjeerdsma
had failed to have the divorce court's March 5, 2002, property
division order docketed as a judgment; only the divorce court's
earlier May 1, 2001, divorce decree was docketed in the judgment
docket book. He thus argued that the $14,242.82 in real property
proceeds should be considered an estate asset and distributed to
the two judgment creditors of record in Bon Homme County.

*Discussion*. The order discharging judgments entered
December 2, 2003, discharged only Debtor's personal liability on
the judgments. The order had no impact on the *in rem* liability of
the Bon Homme property to the extent equity exceeded any mortgages
and Debtor's homestead claim. *See In Wayne D. and Peggy Taylor*,
Bankr. No. 89-40349, slip op. (Bankr. D.S.D. March 19,
1998)(discussion of difference between a judgment discharged under
S.D.C.L. § 15-16-20 and 11 U.S.C. § 524(a) and the avoidance of a
judgment lien impairing an exemption under 11 U.S.C. § 522(f)).

Further, Defendant-Debtor's failure to respond to Defendant
Harmelink & Fox's request for admissions from Defendant-Debtor is

Re: Tjeerdsma
April 28, 2005
Page 5


only binding on Defendant-Debtor, not the other parties.
Fed.R.Bankr.P. 7036 and Fed.R.Civ.P. 36(b); *Earl Realty, Inc. v.
Leonetti (In re Leonetti)*, 28 B.R. 1003, 1009 (D.C. Pa. 1983)(cites
therein). Thus, Debtor's inaction does not constitute an admission
by Trustee Lovald, who represents the bankruptcy estate's interests
that are at issue.

The Court also was unable to follow Defendant Harmelink & Fox
Law Office's argument that its judgment lien somehow gained
superiority by some pre-petition action it took, especially where
a garnishment action, which the Law Office referenced in its
answer, would have been an execution on the judgment, not the
judgment lien. *See generally In re Lynn K. Swanson*, Bankr. No.
97-10300, slip op. (Bankr. D.S.D. May 8, 1998).

The key issue remains. Does Charlene Tjeerdsma have a
judgment lien that attached to the equity in the real property.
Sections 15-16-5 and -6 of the South Dakota Code direct the clerk
of the circuit court to maintain a judgment docket and to docket
all judgments that provide in whole or part the payment of money.
Once that judgment has been docketed, a judgment lien is created on
the judgment debtor's real property, "except the homestead," in the
county where the judgment was entered. S.D.C.L. § 15-16-7. As
this Court has interpreted the statute, in reliance on earlier
decisions by the South Dakota Supreme Court, the judgment lien
attaches to all non exempt realty, including any equity in a
homestead that exceeds the value of previously recorded
encumbrances and the debtor's $30,000 homestead allowance. *See In
re Hughes*, 244 B.R. 805 (Bankr. D.S.D. 1999).

Under South Dakota case law, a judgment lien is valid if the
judgment docket entry substantially complied with the applicable
statutes. *Muhlenkort v. Union County Land Trust*, 530 N.W. 2d 658,
661 (S.D. 1995). In other words, the docket entry must give
constructive notice of the lien. *Id*. The test is whether the
docket entry was

> sufficient to apprise a third party of the existence and
> character of the judgment and 'would induce a prudent and
> cautious man to make an examination of the proceedings.'

*Id*. (quoting *Muller v. Flavin*, 83 N.W. 687, 693 (S.D. 1900)).

There appears to be no dispute that the March 5, 2002,

Re: Tjeerdsma
April 28, 2005
Page 6


property division order between Dale and Charlene Tjeerdsma was
never recorded in the judgment docket.  Only the earlier divorce
decree was.  Thus, the issue becomes whether this divorce order
sufficiently put third parties on notice of Charlene Tjeerdsma's
subsequent money judgment in the property division order that was
never recorded in the judgment docket.

That issue was not raised by Defendant Harmelink & Fox Law
Office's summary judgment motion and only collaterally raised by
Trustee Lovald in his response to the motion.  Thus, it appears
that a summary judgment motion by Trustee Lovald and another round
of briefs on that issue is needed.  That will give all parties the
requisite opportunity to address whether Charlene Tjeerdsma has a
perfected judgment lien against the real property.  *See Heisler v.
Metropolitan Council*, 339 F.3d 622, 631-32 (8th Cir. 2003)(to
prevent unfairness to the nonmoving party, the court generally
cannot resolve a summary judgment motion on issues that were not
raised by the moving party).

During this next round in the adversary proceeding, the
parties need to insure that the record contains an accurate
statement of the dates and amounts of all judgments filed against
the Bon Homme County property.  The record also should be
supplemented to set forth the current amount of Charlene
Tjeerdsma's unpaid, pre-petition claim.

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

**NOTICE OF ENTRY**
Under F.R.Bankr.P. 9022(a)
**Entered**

**APR 2 8 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

INH:sh

CC:  adversary file (docket original; serve parties in interest)

I hereby certify that a copy of this document was elec-
tronically transmitted, mailed, hand delivered or faxed
this date to the parties on the attached service list.

**APR 2 8 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota

By

Credit Collection Services, Inc.
PO Box 755
Yankton, SD 57078

Credit Collections Bureau
PO Box 9490
Rapid City, SD 57709

Wanda L. Howey-Fox
PO Box 18
Yankton, SD 57078

John S. Lovald
Box 66
Pierre, SD 57501

A. Thomas Pokela
PO Box 1102
Sioux Falls, SD 57117-1102

Jerry L. Pollard
PO Box 837
Yankton, SD 57078

Charlene Delores Tjeerdsma
418 W. 15th St., Apt. 11
Yankton, SD 57078

Dale A. Tjeerdsma
203 2nd Avenue N.
Brook Park, MN 55007-9537